Weight, J.,'
delivered the opinion of the Court.
We lay out of view, in this case, the defense of an innocent purchaser, set up for the defendant, because his answer fails to make the averments required in such cases by the rules of Chancery pleading. But still we can see. *49 no ground upon which complainants are to have relief. If we assume that John Purdy, the ancestor of the complainants, not only located this land, but afterwards went on and had it surveyed and granted, which is denied in the answer, and unsustained by any proof, and which assumption we suppose to be necessary to entitle him to a location interest, it is exceedingly difficult to get over the lapse of time from the year 1824, the date of the location and when the services must have been rendered, to 1859, when the bill was filed — a period of 34 years — during 14 of which, Purdy was, himself, alive, and, we take .it, in the immediate neighborhood of the land. No excuse is offered or pretended in the bill, or the evidence, for this delay. Such lapse of time furnishes proof of the satisfaction of the claim, if it ever had a valid existence-; and especially ought this to be so when the land has gone into a purchaser’s hands, and Gilchrist, the grantee, is not made a party, or examined as to this demand.
But aside from this view of the case, we think the claim is barred by the second section of the Act of limitations of 1819, ch. 28. Whatever may have been the nature of the trust between Purdy, the locator, and Gilchrist, the grantee, there can be no doubt that as to the defendant, Moore, the purchaser from Gilchrist, the interest of this locator to a part of the lands located is not an express, but implied trust, and therefore subject to the statute of limitations and lapse of time. This was held in Robertson et als. vs. Auld et als., 6 Yer., 406. In order for this section of the act to operate, it was not necessary for the defendant to be in the actual possession of this land, inasmuch as the complainants, if they had cause of action at all, were entitled to sue independent of pos *50 session: Dunlap vs. Gibbs, 4 Yer., 94-98; Neal vs. East Tennessee College, 6 Yer., 196, 202; Brown vs. Johnson, 1 Hum., 261, 268; 2 Meigs' Digest, 752, 3. Therefore, whether Moore took actual possession under his purchase or not, and the answer is silent, and the case without proof as to this matter, still a cause of suit to divest the title of the locative interest out of Gilchrist accrued to Purdy in his life time, and to his heirs, the complainants, after his death. As to Moore, the purchaser, in 1846, when he took the deed of Gilchrist, for the whole tract, and upon the authority of Neal vs. the East Tennessee College, and other cases above cited, complainants are barred.
The Statute -of Limitations and lapse of timo are relied on in the answer, and the failure of complainants to sue within seven years after the defendant had taken the deed from Gilchrist, and became invested with the legal title to the entire tract, must be held fatal to their case.
Complainants are not saved by disabilities. Infancy at the death of their father will not do. The particular disability relied on, must be in existence at the time. The cause of action accrues here, the time when Moore took the deed of Gilchrist, and must continue, so as to save, or prevent, the bar. As.to this, the bill is silent, and so is the proof. A disability, such as coverture, arising after Moore took the deed, can be of no avail; and such disabilities as are relied on, as well as their continuance, must be proved, aud are not tobe presumed: 7 Yer., 165. Though the answer admits that complainants are the heirs of Purdy, the alleged locator, it is silent as to disabilities, and as before stated, so is the bill; and we have no proof upon the subject, except that made by Mrs. Purdy, the widow *51 of the locator, and which only establishes the infancy of complainants at the death of their father, in 1838, and which, we have seen, can be of no service to them. But we apprehend she is an incompetent witness, because of her right to dower, in the event of a recovery by complainants, at whose instance she was examined; and so the case stands altogether without evidence or disabilities, at any time.
The decree of the Chancellor dismissing the bill, must, therefore, be affirmed.